UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHERAKEI GRIFFIN,
*by next of kin, next of friend, POA Inez Griffin*,

        Petitioner

                                                          Case No. 25-cv-1859-pp

   v.

FROEDTERT MEMORIAL HOSPITAL,
MEDICAL COLLEGE OF WISCONSIN and
UNITED STATES OF AMERICA,

        Respondents.

---

## ORDER DISMISSING CASE

On November 24, 2025, the petitioner, Cherakei Griffin, "by next of kin, next of friend, POA Inez Griffin," filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1. Inez Griffin signed the petition, but she is not allowed to file lawsuits in this district. On April 19, 2023, Judge J.P. Stadtmueller barred Ieshuh Griffin from filing under the name "Inez Griffin, I.G., Ieshuh Griffin, I. Griffin, Isis Ariel Magdalah, or any other alias" for a period of five years. Griffin v. City of Milwaukee et al., Case No. 23-cv-328, 2023 WL 3007810, *8 (E.D. Wis. Apr. 19, 2023), *appeals dismissed*, Appeal No. 23-1903, 2023 WL 754122 (7th Cir. June 26, 2023), Appeal No. 23-1811, 2023 WL 7211418 (7th Cir. Sept. 13, 2023). Judge Stadtmueller instructed the Clerk of Court to return—unfiled—any papers received from Inez Griffin prior to the expiration of the bar. Id. Judge Stadtmueller did not make an exception for imminent harm, and he explained why he was entering the order:

1

Federal court is not intended to be a forum for litigants to air every grievance of which they can conceive. Plaintiff cannot repeatedly drag the same or similar parties into a new judicial forum each time she receives an unfavorable ruling. She cannot ignore and disregard clear judicial orders and admonitions that the claims she attempts to raise have no clear basis in law or fact. By refiling this case in this District, and by repeatedly disregarding the clear orders of both this and other courts, Plaintiff has continued to misuse the judicial system, harass defendants, and squander precious taxpayer dollars. Enough is enough. The Court will not allow Plaintiff to continue to engage in frivolous litigation, in bad faith, in this District.

The right of access to the federal courts is not absolute. *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003). It is the Court's responsibility to allocate its limited resources in a way that promotes the interests of justice. *In re McDonald*, 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989). That aim cannot be achieved if, as Plaintiff would have it, the Court is forced to dedicate a disproportionate amount of its resources to all manner of baseless disputes by the same litigant. The Court is accordingly entitled to implement filing bars that are "narrowly tailored to the type of abuse" and that do not "bar the courthouse door absolutely." *Chapman v. Exec. Comm.*, 324 F. App'x 500, 502 (7th Cir. 2009).

In light of the foregoing, the Court will dismiss with prejudice Plaintiff's case and bar her from filing any new case in this District for a period of five (5) years from the entry of this Order. The Court feels that such a stringent sanction is necessary considering Plaintiff's decade-long pattern of filing frivolous lawsuits in bad faith, the fact that Plaintiff is not deterred by the repeated individual dismissal of her lawsuits, and Plaintiff's wholesale disregard for the rules of procedure of which she has been made repeatedly aware. This filing bar does not bar the courthouse door absolutely as it is not of indefinite duration. *See Chapman*, 342 F. App'x at 502 ("[C]ourts have rejected as overbroad filing bars in perpetuity.").

The instant "petition" filed by Inez Griffin should have been returned by the Clerk of Court and should not have been used to open a new case.

Even without a filing bar, Inez Griffin cannot file a lawsuit on behalf of Cherakei Griffin. Although under Federal Rule of Civil Procedure 17(c), a parent—as a guardian—may sue on behalf of a child, a parent who is not an attorney cannot do so without counsel. <u>Giffin by Griffin v. West Allis Police</u>

Department, Case No. 21-cv-686, 2022 WL 14115365, *2 (E.D. Oct. 24, 2022) (citing Amaya v. Pitner, 130 F. App'x. 25, 27 (7th Cir. 2005); Navin v. Park Ridge Sch. Dist., 270 F.3d 1147, 1149 (7th Cir. 2001)). "Normally, representative parties such as next friends may not conduct litigation *pro se*; pleadings may be brought before the court only by parties or their attorney." Id. (citing Elustra v. Mineo, 595 F.3d 699, 704 (7th Cir. 2010); 28 U.S.C. §1654; Fed. R. Civ. P. 11(a); Lewis v. Lenc-Smith Mfg. Co., 784 F.2d 829, 830-31 (7th Cir. 1986)).

Nor do the facts presented in the petition state a claim under 28 U.S.C. §2241. Inez Griffin alleges that Cherakei was "catfished" into flying to Atlanta, Georgia by an officer pretending to have paid for Cherakei's music and studio time. Dkt. No. 1 at 2. Inez says that she pleaded with airport staff not to allow the flight because Cherakei has "adverse effects" when flying and was being catfished. Id. When Cherakei returned to Milwaukee, a paramedic took Cherakei to Froedtert Hospital. Id. Inez Griffin believes that Cherakei is being "falsely imprisoned by Froedtert," that her blood is being "forcefully taken against her religious rights and beliefs" and that she "is being purposely denied access to her POA, and family." Id. at 3. She admits that she was able to see Cherakei on November 23, 2025, but says that it looked as if Cherakei had been beaten. Id. She claims to have concrete proof that Froedtert staff told her that Cherakei was dead. Id. Inez believes that Cherakei is being held for "experimental purposes and given POWERFUL concoctions against the wishes of the POA." Id.

Inez Griffin accuses Froedtert Hospital of acting under "color of authority, and [engaging] in willful disregard of HIPPA, Americans With Disabilities Acts, and rights of the legally binding POA." Id. at 5. She accuses

3

Froedtert Hospital of arresting Cherakei "without an arrest warrant on a geographical land mass in which is not under the territorial ownership of the respondents' in this action." Id. at 5. She alleges "fraud and the complete absence of jurisdiction," claims that Cherakei is "factually and actually innocent," asserts false imprisonment and a violation of the "power of attorney doctrine" and asks for Cherakei's release and an injunction banning future violations. Id. at 10. Inez Griffin also asks the court to "declare the constitutional right of the petitioner to be free from slavery and/or involuntary servitude." Id. at 11. Inez Griffin says that she added the United States as a party because the "laws of the United States and its protections have been and are being violated by the respondents." Id. at 2. She does not explain why she included the Medical College of Wisconsin as a respondent.

Inez Griffin has filed similar cases in the past. In Griffin by Griffin v. West Allis Police Dept., Case No. 21-cv-686, 2022 WL 14115365, *2 (E.D. Wis. Oct. 24, 2022), Griffin alleged that West Allis Memorial Hospital was holding Cherakei against her will, forcing medication on Cherakei, drawing her blood and conducting experiments "without an arrest warrant on a geographical land mass in which is not under the territorial ownership of the respondents." In that case, this court explained to Griffin that 28 U.S.C. §2241 may be used by a pretrial detainee to challenge the fact of confinement but not the conditions of confinement. Id. at *5. The court also explained that a §2241 petition is not the appropriate vehicle for seeking release from a non-carceral medical treatment facility because the statute applies only to "prisoners." Id. (citing 28 U.S.C. §2241). The court added that a private citizen cannot sue for violations of HIPPA because that statute "does not furnish a private right of action." Carpenter v. Phillips, 419 F. App'x 658, 659 (7th Cir. 2011).

4

Case 2:25-cv-01859-PP   Filed 12/22/25   Page 4 of 5   Document 2

The court **DETERMINES** that the petition filed by Inez Griffin violates the filing bar imposed by Judge Stadtmueller and that the Clerk of Court should have returned the petition without opening a new case.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

The court further **ORDERS** that if Inez Griffin (using any alias such as I.G., Ieshuh Griffin, I. Griffin or Isis Ariel Magdalah) attempts to file any new case in this district before the expiration of Judge Stadtmueller's order (which will occur on April 19, 2028), the Clerk of Court must return the document(s) unfiled.

Dated in Milwaukee, Wisconsin this 22nd day of December, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**